## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 08-CR-20066** |
| | ) | |
| **THADDEUS A. SPEED,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

This case is before the court for ruling on the pro se Motion to Reduce Sentence (#98) filed by Defendant, Thaddeus A. Speed.  Following this court's careful analysis, Defendant's pro se Motion (#98) is DENIED.

## BACKGROUND

The Fair Sentencing Act of 2010 (FSA), Pub.L. No. 111-220, 124 Stat. 2372 (2010), reduced the disparity between sentences related to cocaine and sentences related to cocaine base ("crack").  124 Stat. at 2372.  The FSA also contained directives requiring the Sentencing Commission to amend the Sentencing Guidelines.  Id. at 2372-75.  Amendment 748 to the Sentencing Guidelines, which was made effective November 1, 2010, was enacted as a means of implementing those directives.  See U.S. Sentencing Guidelines Manual app. C. vol. III at 381.  More specifically, Amendment 748 amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines.  Id. at 374-81.  On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Sentencing Guidelines.  See 76 Fed. Reg. 41332-35 (July 13, 2011).  Amendment 750 went into effect on November 1, 2011. U.S. Sentencing Guidelines

Manual app. C. vol. III at 398.

On July 16, 2012, this court entered an Order (#101) and allowed Defendant's counsel, Attorney J. Steven Beckett, to withdraw from this case. This court stated that Defendant's counsel had accurately assessed the situation when he concluded that Defendant is ineligible for a reduction in his sentence because Defendant was sentenced to the statutory mandatory minimum sentence. This court allowed Defendant to proceed pro se and gave Defendant 30 days to file a pleading which either conceded that he was not eligible for a sentence reduction or explained why the 2011 retroactive amendment does in fact have the effect of lowering his sentence. On August 27, 2012, Defendant filed his Response (#103) and asked this court to reduce his sentence. Defendant asked this court to "revisit the prior sentence and remedy an injustice that is clear in this case." Defendant argued that this court can reduce his sentence based upon the Supreme Court's decisions in <u>Dorsey v. United States</u>, ___ U.S. ___, 132 S. Ct. 2321 (2012), and <u>Freeman v. United States</u>, ___ U.S. ___, 131 S. Ct. 2685 (2011).

## ANALYSIS

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." <u>Freeman</u>, 131 S. Ct. at 2690. An exception is provided for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In this case, Defendant's sentence was not based on the offense level set forth in §

2D1.1, which has been lowered by the Sentencing Commission, but rather on the statutory mandatory minimum sentence for his offense. Because Amendment 750 did not change the statutory mandatory minimum, Defendant does not qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2).

In addition, Defendant is not entitled to relief under <u>Dorsey</u>. The Supreme Court in <u>Dorsey</u> held that the FSA applied to defendants sentenced after August 3, 2010, the effective date of the FSA. <u>Dorsey</u>, 132 S. Ct. at 2336. Defendant was sentenced on March 3, 2010, so <u>Dorsey</u> does not apply to him.

This court therefore concludes that there is no basis for reducing Defendant's sentence and his pro so Motion to Reduce Sentence [98] must be denied.

IT IS THEREFORE ORDERED THAT Defendant's pro se Motion to Reduce Sentence [98] is DENIED.

ENTERED this 5th day of October, 2012

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE